UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STANLEY LIPKA, )
      Plaintiff )
)
v. )  Civil Action No. 04-30204-MAP
)
)
COMMONWEALTH OF )
MASSACHUSETTS and SERGEANT )
HERMAN BISHOP of the ADAMS )
POLICE DEPARTMENT, )
      Defendants )

REPORT AND RECOMMENDATION FOR SUMMARY
DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)[1]
October 14, 2004

NEIMAN, U.S.M.J.

Stanley Lipka ("Plaintiff"), proceeding *pro se*, has submitted for filing a multi-page, handwritten document which he apparently construes as a civil complaint targeting the Commonwealth of Massachusetts and Sergeant Herman Bishop ("Bishop") of the Adams Police Department (together "Defendants"). Together with this filing, Plaintiff has tendered an application for leave to proceed *in forma pauperis*.

The court has determined that Plaintiff is unable to pay the costs of commencing the action. Accordingly, by separate order, leave to proceed *in forma pauperis* has been granted. However, a summons has not issued in order to allow the court to review Plaintiff's action to determine whether it satisfies the requirements of the federal *in forma pauperis* statute, 28 U.S.C. § 1915. For the reasons stated below, the court concludes that it does not.

---

[1] The matter has been referred to this court for a report and recommendation pursuant to District Judge Michael A. Ponsor's standing order dated August 5, 2002. See also 28 U.S.C. § 636(b)(1)(B).

## I. STANDARD OF REVIEW

A civil complaint may be screened by the court pursuant to 28 U.S.C. § 1915. Section 1915(e) authorizes federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting former § 1915(d)), or if the action fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim lacks an arguable or rational basis in law when it is brought against a defendant who is clearly entitled to immunity or involves the infringement of a legal interest which clearly does not exist. See Neitzke, 490 U.S. at 327-328 (interpreting former § 1915(d)). See also Denton v. Hernandez, 504 U.S. 25, 32 (1992) ("clearly baseless" actions may be dismissed); Mack v. Massachusetts, 204 F. Supp. 2d 163, 166 (D. Mass. 2002) (summarily dismissing in forma pauperis action for lack of subject matter jurisdiction). According to the Supreme Court, complaints containing claims based on indisputably meritless legal theories or factual allegations that are clearly baseless may be dismissed sua sponte and without notice. See Neitzke, 490 U.S. at 327-28; Denton, 504 U.S. at 32-33.

## II. DISCUSSION

The court will recommend that the action be summarily dismissed pursuant to section 1915(e). In making this recommendation, the court is aware that the allegations in the action must be taken as true. Estelle v. Gamble, 429 U.S. 97, 99 (1976). Moreover, the court has been scrupulous in reviewing the allegations insofar as they

are made by a *pro se* complainant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). At bottom, however, the court believes that Plaintiff's claim fail to satisfy the requirements of section 1915(e).

At its core, Plaintiff's complaint seeks to have certain criminal charges lodged against Bishop for "uttering and forging," "perjury," and "kidnapping," all of which appear to be related to Plaintiff's conviction for rape of a child under fourteen. It appears that the complaint also seeks indictments of several other individuals whose relationship to the case remains unclear. As relief, Plaintiff seeks damages in the amount of $501 trillion, plus $600 million for each day he was or has been incarcerated.

The most fundamental problem with Plaintiff's complaint is that, as a private citizen, he has not demonstrated how he has standing to enforce the alleged violations of the criminal code. See *Miller v. Mallery*, 410 F. Supp. 1283, 1287 (D. Or. 1976). See also *Doe v. Pocomoke City*, 745 F. Supp. 1137, 1139 (D. Md. 1990) (noting that the interest in criminal prosecution belongs to the community at large); *Feeley v. United States*, 16 F.3d 401, 1993 WL 557109, at *1 (1st Cir. 1993) (unpublished) (upholding dismissal of pro se complaint and noting that the plaintiff "has no constitutional right to have certain prosecutions undertaken at his behest") (citing *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988)). Yet, that is just what he is attempting to do here.

To be sure, Plaintiff also mentions in passing potential tort liability -- presumably by Bishop proceeding as a state actor under 42 U.S.C. § 1983 -- for false arrest, false imprisonment and malicious prosecution. But it is clear that the focus of his complaint is the improper pursuit of criminal charges. In any event, the Supreme Court has made

3

clear that section 1983 damages claims that would necessarily imply invalidity of a conviction or sentence, such as the false arrest, false imprisonment and malicious prosecution claims allegedly pled here, should be dismissed "unless [the] conviction has already been invalidated." *Anderson v. Franklin County*, 192 F.3d 1125, 1131 (8th Cir. 1999) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). Because Plaintiff "has made no showing that his conviction or sentence has been rendered invalid," his tort claims "lack[] an arguable basis in law" and should, therefore, be dismissed. *Id.*

### III. CONCLUSION

For the foregoing reasons, the court hereby recommends that Plaintiff's complaint be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e).[2]

DATED: October 14, 2004

                                      /s/ Kenneth P. Neiman
                                      KENNETH P. NEIMAN
                                      U.S. Magistrate Judge

---

[2] Plaintiff is advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within ten (10) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. Plaintiff is further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Secretary of Health & Human Services*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).